Filed 6/3/26  P. v. Zagala CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B350369 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XSCA624549) |
| v. | |
| MATTHEW CRAIG ZAGALA, | |
| Defendant and Appellant. | |

THE COURT:

Matthew Craig Zagala appeals the trial court's denial of his Penal Code section 1172.6[1] petition for resentencing on the ground he was ineligible for relief as a matter of law. We appointed counsel for Zagala, who filed a brief raising no issues and requesting we apply the review framework established by *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 (*Delgadillo*). Accordingly, Zagala was notified of his right to file a supplemental brief, which he duly filed. (See *ibid.*) We are "required to evaluate the specific arguments presented in that brief and to issue a written opinion," but we need not and do not

---

1     Undesignated statutory references are to the Penal Code.

conduct "an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

We have considered Zagala's supplemental brief and conclude his arguments have no merit. We affirm.

## FACTUAL BACKGROUND

On November 11, 1982, George Perkins offered a ride to Zagala, who was hitchhiking.[2] The pair agreed to stop at Perkins's apartment. After Perkins made a sexual advance toward Zagala, Zagala killed Perkins by stabbing him with a butcher knife and choking him with a pillowcase. (*People v. Zagala, supra*, 44719.)

## PROCEDURAL HISTORY

On April 25, 1983, Zagala was convicted by jury of second degree murder (§§ 187, subd. (a), 189, subd. (b)). The jury found true the allegation Zagala had personally used a deadly weapon (a knife) during commission of the crime. (See § 12022, subd. (b).) Zagala was sentenced on May 23, 1983, to an indeterminate term of 16 years to life. Division One of this court affirmed the conviction on November 6, 1984. (*People v. Zagala, supra*, 44719.)

On June 13, 2024, Zagala filed a section 1172.6 petition for resentencing in propria persona and requested appointment of counsel. The trial court appointed counsel to represent him. Counsel filed a brief requesting the court conduct an independent review of the record to determine Zagala's eligibility for relief. (See *People v. Wende* (1979) 25 Cal.3d 436, 438; *Delgadillo, supra*, 14 Cal.5th at pp. 224, 227.) After a hearing on October 31, 2025, the court determined Zagala was statutorily ineligible for resentencing because the jury had not been instructed on any theories of liability implicating

---

[2]     This factual summary is provided for context and is drawn from the opinion affirming Zagala's conviction (*People v. Zagala* (Nov. 6, 1984, 44719) [nonpub. opn.]). (See *Delgadillo, supra*, 14 Cal.5th at p. 222, fn. 2.)

section 1172.6 relief. (See § 1172.6, subd. (c); *People v. Antonelli* (2025) 17 Cal.5th 719, 724 (*Antonelli*).)

Zagala timely appealed. (See § 1237, subd. (b); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

Section 1172.6, subdivision (a), allows criminals "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to file a resentencing petition in certain circumstances. (*Ibid.*) "[T]he section 1172.6 petitioning 'process begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([*id.*], subd. (b)(1)(A)), including that "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189." ' " (*Antonelli, supra*, 17 Cal.5th at p. 724; see also § 1172.6, subd. (a)(3).)

The changes to sections 188 and 189 "altered the substantive law of murder in two areas": they "narrowed the application of the felony-murder rule" and imposed a new requirement that " 'a principal in a crime shall act with malice aforethought.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449; see also §§ 188, subd. (a)(3), 189, subd. (e).) That latter change ultimately eliminated liability for murder as an aider and abettor under the natural and probable consequences doctrine. (*Curiel*, at p. 449.)

When a petitioner files a facially adequate section 1172.6 petition, the trial court "afford[s] the parties an opportunity to submit briefing [and] 'hold[s] a hearing to determine whether the petitioner has made a prima facie case for relief.' " (*Antonelli, supra*, 17 Cal.5th at p. 724.) If the court concludes the petitioner has made a prima facie showing, it issues an order to show cause, but " '[i]f the petition and the record . . . establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*Ibid.*)

Here, the trial court denied Zagala's petition at the prima facie stage on the ground the record conclusively established he was ineligible for relief as a matter of law. Zagala urges us to review "[his] case . . . from the begin[n]ing," and he argues the police fabricated certain evidence used at trial. But crucially, Zagala's brief does not discuss his eligibility for resentencing relief *pursuant to section 1172.6*. As already mentioned, relief is available in only limited circumstances, " 'including that "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189." ' " (*Antonelli*, *supra*, 17 Cal.5th at p. 724; see also § 1172.6, subd. (a)(3).) Because Zagala's arguments "do not relate to the changes to section 188 or 189," they do not show the trial court erred in denying his section 1172.6 petition. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168; see also *id.* at p. 1167 [a petitioner cannot use a resentencing "petition as a vehicle for collaterally attacking the judgment"].)

## DISPOSITION

The order is affirmed.

---

CHAVEZ, Acting P. J.        RICHARDSON, J.        GOORVITCH, J.

4